UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:00-CR-28-TS |
| | ) | |
| JAY ZAMBRANA | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Zambrana's Motion to Dismiss [DE 1390], filed on April 6, 2005. The government filed its Response on June 16, 2005, and the Defendant has not filed a reply.

**ANALYSIS**

The Defendant moves the Court to dismiss the Indictment because there is no fair notice in it as to the penalties he faces. He writes: "Although [21 U.S.C. § 841(a)] sets forth some elements, what is missing are the elements of § 841(b) (the amounts of the prohibited drug and the range of penalty)." The Defendant claims that without this, the Indictment is defective, since it fails to state an offence.

Along with his Motion, the Defendant has filed a one page, unsigned, memorandum of law. That document cites *Apprendi v. New Jersey*, 530 U.S. 466 (2000), for the proposition that an indictment must contain the allegation of every fact that is legally essential to the punishment to be inflicted. The Defendant, citing *United States v. Brown*, 995 F.2d 1493, 1503–05 (10th Cir. 1993), claims that the Indictment in this case does not so and this failure is a jurisdictional defect requiring dismissal. Second, the Defendant argues on the basis of *United States v. Floresca*, 38 F.3d 706, 711

(4th Cir. 1994), that this Court lacks the jurisdiction to impose a sentence on the conspiracy charge, as this charge was insufficiently charged in the Fourth Superceding Indictment and to sentence him on this charge would be to constructively amend the Indictment, which constitutes error per se.

In response, the government recites the development of caselaw from *Apprendi*, through *Blakley*, to the Seventh Circuit's opinion in *Booker*, and finally the Supreme Court's opinion in *Booker*. The government contends that the Fourth Superceding Indictment in this case conforms with this line of cases by putting the Defendant on notice that he faces enhanced penalties due to the quantities of controlled substances involved in this cause. The government further states that the language in the drug trafficking counts in the Indictment clearly and concisely contain the elements of the offense, conspiracy, and distribution of a controlled substance in violation of 21 U.S.C. §§ 846 and 841(a)(1).

**A.      Whether the Court should Dismiss on the Basis of *Floresca***

The Court first addresses the Defendant's argument for dismissal under *Floresca*. In that case, the government charged the defendant in the indictment with a violation of 18 U.S.C. § 1512(b)(1). Title 18 U.S.C. § 1512(b) reads:

> (b)    Whoever knowingly uses intimidation or physical force, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—
>
>>    (1)    influence, delay, or prevent the testimony of any person in an official proceeding;
>>
>>    (2)    cause or induce any person to—
>>
>>>        (A)    withhold testimony, or withhold a record, document, or other object, from an official proceeding;
>>>
>>>        (B)    alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding;

      (C)    evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or

      (D)    be absent from an official proceeding to which such person has been summoned by legal process; or

(3)    hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings;

shall be fined under this title or imprisoned not more than ten years, or both.

However, at the close of the case, the court instructed the jury that it could return a guilty verdict upon finding that the defendant, Floresca, approached his friend, Lopez, with the intent to affect *either* his cooperation in the investigation *or* his testimony at trial.

The court found that this instruction did not merely misstate the law applicable to the indicted offense. Rather, it added a distinct, unindicted offense, for the instruction allowed the jury to convict the defendant under either § 1512(b)(1) (testimony at trial) or (b)(3) (cooperation in the investigation). The court determined that this jury instruction, by allowing the jury to convict the defendant on a charge that was not contained in the indictment, impermissibly broadened the bases for Floresca's conviction. *Floresca*, 38 F.3d at 711. "Plainly and simply, a court cannot permit a defendant to be tried on charges that are not made in the indictment against him." *Id.* (citation omitted). The circuit court determined this was an error per se and reversed Florenca's conviction on this count.

No such amendment took place in this case. The Defendant has not explained how the jury instructions or verdict forms in this case broadened the bases for his conviction or suggested any crime that the instructions listed but absent from the Fourth Superceding Indictment. The Defendant's argument under *Florenca* is without merit and his motion for dismissal on this grounds is denied.

3

**B.      Whether the Court should Dismiss on the Basis of *Apprendi***

The Court now turns to the Defendant's argument under *Apprendi*. The Court notes that the Defendant carefully avoided citing to the Seventh Circuit in his Memorandum, instead citing the second, fourth, fifth, tenth, and eleventh circuits. Although the Defendant does not, the Court turns to binding caselaw to answer his charge against the government's Fourth Superceding Indictment.

The Seventh Circuit considered an argument identical to Defendant Zambrana's in *United States v. Trennell*, 290 F.3d 881 (7th Cir. 2002). The defendant in that case argued that because the indictment failed to specifically address drug quantity, his sentence was illegally increased above the statutory maximum in violation of *Apprendi*. *Id.* at 886.

The Seventh Circuit held that because Trennell did not object to the jury instructions concerning drug quantity during the instruction conference, any such error was reviewable under the plain error standard. *Id.   See also* Fed. R. Crim. P. 52(b). Accordingly, it determined that it would only determine whether an *Apprendi* error had occurred if it found that the alleged error was plain and affected the defendant's substantive rights. *Id.*

Applying this standard, the Seventh Circuit held:

> In this case we need not engage in any hypothetical analysis as to whether the jury's verdict would have differed because the jury was properly instructed to find guilt beyond a reasonable doubt as to drug quantity and specifically found that Trennell was accountable for more than 5 kilograms of cocaine and 50 grams of cocaine base in the special verdict form. Therefore any error in the indictment under *Apprendi* is harmless.

*Id.* at 890.

In this case, like in *Trennell*, Defendant Zambrana has been charged under 21 U.S.C. § 841. Also like in *Trennell*, the Fourth Superceding Indictment in this case does not specify a drug quantity under § 841(b). Additionally, like in *Trennell*, Defendant Zambrana did not object at the

4

instruction conference on November 20, 2003, that the jury instructions regarding the conspiracy count instructed the jury to determine a drug quantity when Count 1 of the Fourth Superceding Indictment did not include a drug quantity.

The jury in this case returned the following verdict form finding Defendant Zambrana guilty of the conspiracy count:

VERDICT FORM NO. B

We, the Jury, find the defendant, JAY ZAMBRANA, guilty as charged in Count 1 of the Indictment.

We, the Jury, further find the amount of cocaine involved in the conspiracy was: (check one)

| | |
|---|---|
| ___X____ | Five (5) kilograms or more |
| _____ | Five hundred (500) grams or more but less than five (5) kilograms |
| _____ | Less than five hundred (500) grams |
| _____ | None |

We, the Jury, further find the amount of heroin involved in the conspiracy was: (check one)

| | |
|---|---|
| ___X____ | One hundred (100) grams or more but less than five hundred (500) grams |
| _____ | Less than one hundred (100) grams |
| _____ | None |

We, the Jury, further find the amount of marijuana involved in the conspiracy was: (check one)

| | |
|---|---|
| ___X____ | One hundred (100) kilograms or more |
| _____ | Less than one hundred (100) kilograms |
| _____ | None |

Dated this _20_ day of November 2003.

_____(Signature)_____

Foreperson

As in *Trennell*, the jury in this case was properly instructed and did in fact determine facts that established Defendant Zambrana's proper statutory sentencing range under 21 U.S.C. § 841(b). Defendant Zambrana's Post-Trial Motions do not object to either the jury instructions regarding the conspiracy count or the jury verdict forms. The Court therefore finds that the relevant jury instructions and the jury's verdict forms were proper. The Court finds that any error in the government's Fourth Superceding Indictment did not affect Defendant Zambrana's substantive rights. Accordingly, the alleged error in the indictment does not constitute plain error and is not grounds for dismissal.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant Zambrana's Motion to Dismiss [DE 1390].

SO ORDERED on July 26, 2005.

　　S/ Theresa L. Springmann　　
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT